UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------
In re

    JUAN E. IRENE,                                           05-93112 B

                Debtor                        <u>DECISION & ORDER</u>
---------------------------------------------------

                        Thomas A. Dorey, Esq.
                        Box 247
                        Lakewood, New York 14750
                        Trustee and Attorney for Trustee

                        Damon & Morey LLP
                        William F. Savino, Esq., of counsel
                        1000 Cathedral Place
                        298 Main Street
                        Buffalo, New York 14202
                        Attorneys for Debtor Juan E. Irene

                        John H. Ring III, Esq.
                        385 Cleveland Drive
                        Cheektowaga, New York 14215
                        Attorney for Cathedral Park Tower

Bucki, U.S.B.J.

     When Juan Irene filed a petition for relief under chapter 7 of the Bankruptcy Code, he duly claimed a homestead exemption for the condominium unit where he resides in Cathedral Park Tower at 37 Franklin Street in the City of Buffalo. At about the time that he acquired that condominium unit, Mr. Irene also purchased, by separate deed, two parking spaces within the same condominium complex. As for these parking spaces, the trustee now proposes a sale, to which the debtor objects. At issue is whether the homestead exemption extends to these spaces, or is limited to the debtor's immediate dwelling area.

     Pursuant to Debtor and Creditor Law §282, the State of New York recognizes a bankruptcy exemption for real property that is "exempt from application to the satisfaction of money judgements" under section 5206 of the civil

practice law and rules. Accordingly, the following text of subdivision (a) of CPLR §5206 defines the essential scope of the debtor's homestead exemption:

> Property of one of the following types, not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgement was recovered wholly for the purchase price thereof:
> 1. a lot of land with a dwelling thereon,
> 2. shares of stock in a cooperative apartment corporation,
> 3. units of a condominium apartment, or
> 4. a mobile home.

The trustee contends that for condominiums, the statute limits the exemption to units of an apartment. In his view, parking spaces are ancillary to the apartment itself, and therefore should not be treated as a unit of any condominium apartment. As evidence of a status apart from the homestead, the trustee notes that the debtor acquired the parking spaces separately from his purchase of the apartment and that they have a mixed use for both business and personal purposes. Juan Irene maintains a law office at his residence and has occasionally allowed clients to use at least one of the parking spaces. Mr. Irene responds, however, that the parking spaces primarily serve to fulfill personal and household needs. Hence, he urges the court to treat the parking spaces as part of his exempt homestead.

CPLR §5206 provides no definition for "units of a condominium apartment," and neither party has suggested any statutory direction for an interpretation of this language. Rather, the parties ask this court to give meaning to an inherently ambiguous phrase. Does the exemption apply only to a dwelling unit, or does it extend to unspecified units which together constitute a single exempt apartment? If the latter, then will these units include not only living space, but also any affiliated parking spaces?

New York State has codified various rules of statutory interpretation into its Statutes Law. As stated in N.Y. Statutes Law §123(b), "[a] heading of a portion of a statute such as a chapter or a section usually is not a part of the act and does not extend or restrict the language contained in the body of the statute, *although it may be resorted to as an aid in ascertainment of the legislative intent where a provision is ambiguous in meaning.*" (emphasis added).

The heading to CPLR §5206 reads as follows: "Real Property exempt from application to the satisfaction of money judgments." Based on this indication that the section addresses the exemption of real property, I find a legislative intent to adopt the definitions in New York's Real Property Law. Pursuant to section 339-d of the Real Property Law, Article 9-B of that statute "shall be known and may be cited as the 'condominium act'." Within this condominium act, Real Property Law §339-g states that for all purposes, each condominium unit, together with its common interest, shall constitute real property. As to the meaning of "unit", Real Property Law §339-e(14) provides the following definition:

> "Unit" means a part of the property intended for any type of use or uses, and with an exit to a public street or highway or to a common element or elements leading to a public street or highway, and *may include such appurtenances as garage and other parking space*, storage room, balcony, terrace and patio, but in no event may utility facilities such as those for water or sewerage treatment or power generation appear as single units. (emphasis added).

In accord with this definition, the "units of a condominium apartment" include garage and other parking space. Thus, the debtor's homestead exemption would extend not only to the apartment itself, but also to the parking spaces that the trustee now proposes for sale.

The parking spaces do not lose their exempt status by reason of the fact that the debtor acquired them by separate deed.  In *In re Flatt*, 160 B.R. 497 (Bankr. N.D.N.Y. 1993), the court allowed the debtor's homestead exemption to extend both to the debtor's home and to a separately acquired parcel that the debtor used for parking and as a garden.  In speaking to "the circumstances under which two or more parcels of real property may be combined by a debtor and treated as homestead property," Judge Gerling held that "the creation of a homestead is largely a question of fact based primarily on a determination of the owner's intent."  In the instant matter, Juan Irene acquired the parking spaces for use with his home.  Both the residential space and the parking spaces are located within the same condominium complex.  Although the parking spaces may have had some periodic use in the debtor's business, they would never have had the same utility without their relationship to the debtor's home.  For these reasons, the circumstances evidence a sufficient intent to acquire the parking spaces as part of a homestead that the debtor may exempt.

Section 541 of the Bankruptcy Code defines property of the estate to include all legal and equitable interests of the debtor.  However, 11 U.S.C. §522(b)(1) establishes an exception that, "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property" for which he asserts a proper exemption.  For all of the reasons stated herein, the debtor's homestead exemption extends to the parking spaces associated with his condominium.  Accordingly, the trustee may not now sell these spaces.  Therefore, the debtor's objection to the proposed sale is sustained.

So ordered.

Dated:     Buffalo, New York                    /s/   CARL L. BUCKI
           January 22, 2007                              U.S.B.J.